PER CURIAM.
The instant ease involves three appeals and a Petition for Writ of Prohibition, all of which have been consolidated, with case number 94-474 being the main case in which the appellant Island Transportation Services, Inc. (hereinafter “ITS”) appeals a trial court Order denying its post-trial motion, filed pursuant to Florida Rule of Civil Procedure 1.540, which sought relief from a $2,000,-000.00 judgment that had been entered in *299 favor of the plaintiff below and appellee herein Kathleen Susan liman (hereinafter “11-man”). The two remaining appeals, case numbers 94-2751 and 95-2286, and the writ of prohibition filed in case number 95-2209, are each a by-product of liman’s efforts to collect the underlying money judgment from third parties believed to be in possession of assets belonging to ITS. We note that the trial court, in entering the Orders appealed in case numbers 94-2751 and 95-2286, assumed the propriety of the underlying judgment in ease number 94-474.
Turning to case number 94-474, the record indicates that ITS filed a post-trial motion, following the denial of its Rule 1.540 motion, in which ITS sought an evidentiary hearing relating to its claim that the underlying judgment against it should be vacated, or, in the alternative, that ITS should be granted relief from that judgment, because (1) the parties had previously entered into a settlement agreement which had not been repudiated by liman; and, (2) because liman’s attorney had fraudulently induced ITS into not defending the underlying judgment by orally promising that he would not attempt to collect the resulting judgment from ITS directly. The trial court denied ITS’ request for an eviden-tiary hearing, and our review of the record indicates that these disputed matters were never appropriately resolved during any of the underlying trial court proceedings.
Following the filing of the Initial Brief in case number 94-474, liman filed a Confession of Error, acknowledging that ITS is entitled to an evidentiary hearing on the issue of whether or not there has been a settlement between ITS and liman which might potentially affect the validity of the underlying $2,000,000.00 judgment against ITS. Naturally, the issue of whether there has been a settlement between liman and ITS must be resolved before properly determining the merits of ITS’ Rule 1.540 motion. Likewise, the attorney fraud issue must also be resolved before properly deciding the merits of ITS’ Rule 1.540 motion. In the instant case, the record reveals that the trial court did not resolve these issues before ruling on the Rule 1.540 motion. We fail to see how the trial court could have properly determined the merits of this post-trial motion without first resolving these disputed issues.
Accordingly, pursuant to the Confession of Error filed by liman in case number 94-474, the final judgment and all other post-trial orders entered by the trial court in the initial trial court proceeding are hereby reversed and vacated, and this cause is hereby remanded with directions to the trial court to hold an evidentiary hearing to determine the following issues: (1) whether there was a settlement between liman and ITS and, if so, the nature and parameters of that settlement, and (2) whether counsel for appellee liman made any fraudulent representations to, or agreements with, appellant ITS that no efforts would be made by liman to collect/enforce any judgments against ITS directly. After the trial court concludes this evidentia-ry hearing and enters whatever judgment and/or orders it deems appropriate in connection therewith, any aggrieved party is free to seek appellate review as may be appropriate.
Furthermore, since the orders being appealed from in case numbers 94-2751 and 95-2286, stem from the enforcement of the underlying $2,000,000.00 judgment in case number 94-474, they also must, of necessity, be reversed and vacated. Additionally, since we are vacating the Order in case number 95-2286, the Petition for Writ of Prohibition in case number 95-2209 must be denied as moot. The trial court is, however, free to reenter any of these orders as might be appropriate if, at the conclusion of the evi-dentiary hearing, the trial court rules adverse to ITS on both the alleged “settlement” and “attorney fraud” issues.
Regarding the various funds that have been paid and transferred pursuant to the orders which we are today reversing, all of the foregoing is without prejudice to the trial court to make any orders it may deem suitable so as to prevent any party unnecessarily suffering any inappropriate loss.
Reversed and remanded with directions to the trial court to hold the aforementioned evidentiary hearing and to enter any orders as may be consistent herewith.
Reversed and remanded with directions.